IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOE HENDERSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-cv-160 |
| | § | |
| LJT TRANSPORT, INC. and JOHN DOE, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |

## DEFENDANT LJT TRANSPORT INC.'S NOTICE OF REMOVAL

Defendant, LJT Transport, Inc. ("LJT" or "Defendant"), hereby gives Notice of Removal of the above-captioned case, currently pending in the 202nd Judicial District Court of Bowie County, Texas as Cause No. 17C0624-202, to the United States District Court for the Eastern District of Texas, Texarkana Division. Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction) and is authorized by 28 U.S.C. §§ 1441 and 1446.

### I. INTRODUCTION

1. On or about May 30, 2017, Joe Henderson ("Plaintiff") filed his Original Petition (the "Original Petition").

2. In his Original Petition, Plaintiff asserts causes of action for: (1) negligence; and, (2) respondeat superior, wherein Plaintiff claims to have suffered severe physical and emotional injuries and damages. Moreover, Plaintiff alleges that he "continues to suffer pain and anguish, both physically and mentally, and as such has incurred expenses for physicians, nurses, hospitals, medicaitons and other out-of-pocket expenses." *See* Plaintiff's Original Petition, ¶ 18.

Plaintiffs seek monetary relief for: (1) past, present and future medical expenses; (2) past, present and future pain and suffering; (3) past, present and future loss of wages and earning capacity; (4) loss of use of vehicle; (5) repairs and diminished value of vehicle; (6) past, present and future emotional distress and mental anguish; (7) and all costs and expenses.  *See* Plaintiff's Original Petition, ¶ 19.

## II.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3.    This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).  The requirements for diversity jurisdiction are met in this case, as the properly named parties are completely diverse in citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  28 U.S.C. § 1332.

**A.    Complete Diversity Exists**

4.    Complete diversity exists because the properly named parties are of completely diverse citizenships.

5.    On information and belief, Plaintiff resides at 370 Marbo Road, Carthage, MS. *See* Plaintiffs' Original Petition at ¶ 3.  Accordingly, Plaintiff is a citizen of Mississippi for purposes of diversity.

6.    Defendant LJT Transport, Inc. is a corporation with its principal place of business in Nashville, Arkansas; and, with its registered agent for service of process being Leigh Ann Wilson, 115 Howard Street, Nashville, Arkansas 71852.  *See* Plaintiffs' Original Petition at ¶ 4; *see also* **Exhibit A**.  Accordingly, LJT Transport, Inc. is a citizen of Arkansas for diversity purposes.

7.    Defendant "John Doe" is an unidentified "driver of the 18-wheeler"…who Plaintiff claims is "liable as the driver." *See* Plaintiffs' Original Petition at ¶ 5.  This individual

is not properly named in this lawsuit, and has not been served with Plaintiff's Original Petition. Accordingly, no consent to removal from "John Doe" is necessary because he has not been properly named or served in this case.

8. Inasmuch as Plaintiff is a citizen of Mississippi and LJT Transport is a citizen of Arkansas, complete diversity exists among all properly named parties.

**B.     The Amount in Controversy Exceeds $75,000.00.**

9. As previously stated, Plaintiffs' Original Petition seeks monetary relief for: (1) past, present and future medical expenses; (2) past, present and future pain and suffering; (3) past, present and future loss of wages and earning capacity; (4) loss of use of vehicle; (5) repairs and diminished value of vehicle; (6) past, present and future emotional distress and mental anguish; (7) and all costs and expenses. *See* Plaintiff's Original Petition, ¶ 19. However, Plaintiff failed to properly plead his amount of damages, as now required under Texas Rule of Civil Procedure ("TRCP") 47. Specifically, Plaintiff has not included a statement as is required by TRCP 47(c)(1) – (5), which requires Plaintiff to state whether or not Plaintiff seeks damages over or under certain predefined amounts.

10. To determine the amount in controversy, courts look first to the state court petition. *Salazar v. Downey*, 2012 U.S. Dist. LEXIS 158423, 2012 WL 5389678, at *1-2 (N.D. Tex. Nov. 5, 2012) (Lynn, J.). **When, as in this case, the petition does not state the dollar amount of damages sought, courts analyze the notice of removal**. *Id.*; s*ee Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54, 190 L. Ed. 2d 495 (2014). **Where the notice of removal alleges an amount in controversy, and the amount is not contested, courts accept the removing party's allegation**. *Dart Cherokee Basin Operating Co.*, LLC, 135 S. Ct. at 553; *Moore v. Gladiator Events LLC*, 2015 U.S. Dist. LEXIS 123184 (N.D. Tex. Sept.

15, 2015); *Moore v. Gladiator Events LLC*, 2015 U.S. Dist. LEXIS 123184 (N.D. Tex. Sept. 15, 2015). As such, it is uncontested that Plaintiff's damages meet the amount in controversy requirement since his pleading is deficient.

11. However, where the amount in controversy is later contested, "'[r]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id*. at 553-54 (*quoting* 28 U.S.C. § 1446(c)(2)(B)); *Statin v. Deutsche Bank Nat.'l Trust Co.*, 599 F. App'x 545, 546 n.1 (holding that "once the notice of removal's asserted amount is 'challenged,' the parties 'must submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" (*quoting Dart Cherokee Basin Operating Co.*, LLC, 135 S. Ct. at 554)).

12. At that point, a removing party may establish the jurisdictional amount by either: (1) demonstrating that it is "facially apparent" from the petition that the claim more likely than not exceeds $75,000 or (2) setting forth the facts in controversy that support a finding of the requisite amount. *Arriaga v. Midland Funding LLC*, 2015 U.S. Dist. LEXIS 16661, 2015 WL 567264, at *2 (N.D. Tex. Feb. 11, 2015) (Lynn, J.) (*citing Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002)). "[I]f the value of the claims is not apparent, then the defendants may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." *Larremore v. Lykes Bros. Inc.*, 454 F. App'x 305, 306-07 (5th Cir. 2011) (*quoting Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003)). "Once a defendant has met this burden, the motion to remand will be denied, unless the plaintiff can show by a legal certainty that [she] will not

recover more than $75,000." *Salazar*, 2012 U.S. Dist. LEXIS 158423, 2012 WL 5389678, at *1-2.

13. Here, even ignoring the well-settled law that the removing party's allegation of amount in controversy is accepted absent Plaintiff pleading the amount of damages, the face of the Plaintiff's own Petition states that the state court case should proceed under the TRCP Level 2 discovery plan. *See* Plaintiff's Original Petition, ¶ 1. Thus, by virtue of Plaintiff's plea for a Level 2 discovery control plan alone, it is facially apparent that the petition seeks damages in excess of $75,000. Under the revised Texas Rules of Civil Procedure, a claim simply for monetary relief of less than $100,000 **cannot be governed by a Level 2 plan**, and a Level 2 plan seeking less than $100,000 requires the inclusion of non-monetary damages. *Compare*, TEX. R. CIV. P. 190.2 and TEX. R. CIV. P. 169(a), with TEX. R. CIV. P. 190.3.

14. Moreover, Courts have discussed this issue and determined that Plaintiff's choice of discovery plan can confirm that the amount in controversy exceeds $75,000. *See Moore v. Gladiator Events LLC*, 2015 U.S. Dist. LEXIS 123184 (N.D. Tex. Sept. 15, 2015)*; Dean v. Accenture Fed. Servs., LLC*, 2011 U.S. Dist. LEXIS 145361, 2011 WL 6355298, at *3 (W.D. Tex. Dec. 19, 2011) ("[G]iven the allegations of severe mental anguish, both past and future, **and invocation of a Level 2 discovery control plan**, the Court finds that it is facially apparent that the amount in controversy, based on compensatory damages and attorneys' fees, exceeds $75,000."). In this matter, Plaintiff's Petition states that discovery will be conducted under a Level 2 discovery plan pursuant to the Texas Rules of Civil Procedure, thus the requirements for removal have been satisfied.

15. In addition, Courts have also accepted removal where, much like the Plaintiff in this case, a plaintiff sought: (1) past, present, and future damages for physical pain and suffering;

(2) emotional distress; (3) loss of enjoyment of life; and, (4) medical expenses. *Broussard v. Celebration Station Props., Inc.*, 2014 U.S. Dist. LEXIS 50500, 2014 WL 1402144, at *3-4 (M.D. La. Apr. 10, 2014)( (stating that it was facially apparent that the jurisdictional minimum was met); *see also Berry v. Toyota Motor Sales, U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 150913, 2011 WL 6965837, at *2 (W.D. La. Dec. 15, 2011)

16.     Accordingly, given the evidence included on the face of Plaintiff's Original Petition, as well as Plaintiff's failure to include a statement of damages as required by Texas Rule of Civil Procedure 47, the amount in controversy exceeds $75,000.00.

## IV.     ADDITIONAL REQUIREMENTS

17.     Venue for this Removal is proper in the U.S. District Court for the Eastern District of Texas, Texarkana Division because this district and division includes Bowie County, Texas—the location of the pending state court action. *See* 28 U.S.C. §124 (c)(5).

18.     Pursuant to 28 U.S.C. § 1446(a), Defendant has obtained copies of all process, pleadings, orders and other papers filed in the state court action which are attached hereto as **Exhibit B**.

19.     Defendant LJT Transport, Inc. was not properly served with citation of Plaintiffs' Original Petition, and as such this notice of removal is timely.

20.     Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Bowie County, Texas.

21.     This Notice of Removal is signed pursuant to FED. R. CIV. P. 11.[1]

22.     Plaintiff did not specifically demand a jury in his Original Petition.

---

[1] *See* 28 U.S.C. § 1446(a).

23. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

24. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this action should proceed in the United States District Court for the Eastern District of Texas, Texarkana Division as an action properly removed thereto under 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

By: */s/ Frank J. Catalano*
    **BRYAN P. REESE**
    State Bar No. 00789791
    breese@feesmith.com
    **FRANK J. CATALANO**
    State Bar No. 24052991
    fcatalano@feesmith.com
    Three Galleria Tower
    13155 Noel Road, Suite 1000
    Dallas, Texas 75240
    972-934-9100
    972-934-9200 [Fax]

    **ATTORNEYS FOR DEFENDANT**
    **LJT TRANSPORT INC.**

## CERTIFICATE AND NOTICE OF FILING

I certify that on August 31, 2017, this Notice of Removal was sent to the District Clerk of Bowie County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon counsel of record for Plaintiff.

                                            */s/ Frank J. Catalano*
                                            Frank J. Catalano

## CERTIFICATE OF SERVICE

I certify that on August 31, 2017, a correct copy of the foregoing Notice of Removal was filed with the Clerk of the Court via the Court's CM/ECF system and that a correct copy of same was forwarded to the following:

David Graham
Attorney at Law
P.O. Box 1626
Magnolia, AR 71754
(870) 234-9100
dcgrahamlawfirm@gmail.com

Eric Marks
Attorney at Law
P.O Box 947
Arkadelphia, AR 71923
(903) 826-5523
eric@arklaw.com

                                            */s/ Frank J. Catalano*
                                            Frank J. Catalano