# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOE HENDERSON** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO**. |
| | § | |
| **LJT TRANSPORT, INC. and JOHN** | § | |
| **DOE**, | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

## <u>EXHIBIT B</u>

# EXHIBIT "B"

NO. _____
17C0624-202

| | | |
|---|---|---|
| **JOE HENDERSON** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| **LJT TRANSPORT, INC. and** | § | |
| **JOHN DOE** | § | **OF BOWIE COUNTY, TEXAS** |
| **DEFENDANTS** | § | |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Joe Henderson, hereinafter called Plaintiff, complaining of and

about LJT Transport, Inc. and John Doe, hereinafter called Defendants, and for his cause

of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### REQUEST FOR DISCLOSURES

2.      Within fifty (50) days after service hereof, Plaintiff requests that

Defendant disclose the information and materials described in Texas Rule of Civil

Procedure 194.2.

### PARTIES AND SERVICE

3.      Plaintiff, Joe Henderson, is an individual whose address is 370 Marbo

Road, Carthage, Mississippi.

4.     Defendant, LJT Transport, Inc. is a corporation out of Nashville, Arkansas and is authorized to engage in the trucking industry with the State of Texas. Service of process may be made by serving Leigh Ann Wilson, 115 Howard Street, Nashville, Arkansas 71852.

5.     Defendant, John Doe, is the tortfeasor driver of the 18-wheeler who has not yet been identified. He is liable as the driver and as the employee and agent of Defendant, LJT Transport.

## JURISDICTION AND VENUE

6.     The subject matter in controversy is within the jurisdictional limits of this court.

7.     This court has jurisdiction over the parties because Defendant is a Texas resident.

8.     Venue in Bowie County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9.     On or about June 7, 2015, Plaintiff was in the sleeper cab of his vehicle and the vehicle was at rest in Texarkana, Bowie County, Texas.

10.    The Defendants were operating a vehicle in an unsafe manner and ran into the parked truck occupied by Plaintiff Joe Henderson.

11.    As a result of Defendants' unsafe driving, failure to slow down and/or keep the vehicle under proper control, he lost control of his vehicle and collided with the vehicle containing Plaintiff Joe Henderson.

12.     As a direct proximate result of recklessness and negligence of the Defendants, the Plaintiff sustained severe physical and emotional injuries and damages.

13.     At all times pertinent hereto, Defendants were under a duty to the public, in general, and to Plaintiff in particular, to operate the motor vehicle he was driving in a safe and prudent manner, having due regard for Plaintiff, as well as the safety of others, and in such a way as to refrain from causing a collision with anyone else.

## NEGLIGENCE

14.     Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 9 through 13.

15.     Defendants owed a duty to operate his vehicle in a safe and reasonable manner under the circumstances.  Defendants breached his duty toward the Plaintiff by:

        a.     failing to keep a proper lookout, thereby endangering the safety of the Plaintiff and the public;

        b.     driving the aforesaid vehicle in an unsafe manner;

        c.     failing to keep his vehicle under proper control;

        d.     failing to follow the Rules of the Road in Texas;

        e.     in other respects as will be shown at the trial of this cause.

16.     Defendant John Doe was negligent as a matter of law by failing to keep proper control of his vehicle.

17.     By reason of the Defendants' negligence, and as a direct and proximate result thereof, Plaintiff was injured and suffered bodily harm.

18.     Plaintiff has suffered and continues to suffer pain and anguish, both physically and mentally; and by reason of said injuries, has incurred expenses for

physicians, nurses, hospitals, medications, and other out-of-pocket expenses and applicable damages under Texas Law.

19.    As a direct and proximate result of the aforementioned negligence, the Defendants are liable under Texas law to the Plaintiff for his injuries and damages, including but not limited to the following:

a.    Past, present and future medical expenses;

b.    Past present and future pain and suffering;

c.    Past, present and future loss of wages and wage earnings capacity;

d.    Loss of use of the plaintiff's vehicle and sunk costs in plaintiff's vehicle;

e.    Repairs and diminished value of the plaintiff's vehicle;

f.    Past, present and future emotional distress and mental anguish;

g.    Pre-judgment and post-judgment interest;

h.    Economic damages; and

i.    All other damages allowed by the law or the Court or jury sees fit to impose.

## RESPONDEAT SUPERIOR

20.    Plaintiff incorporates all prior and subsequent paragraphs as if fully restated and re-alleged herein.

21.    Defendant LJT Transport, Inc. is liable for Defendant John Doe's negligence as alleged above pursuant to the doctrine of *respondeat superior* because Defendant John Doe was acting in the course and scope of his employment at the time of the occurrence.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff prays that at the end of the appropriate legal time, that the following should occur:

a.  The defendant by served with a copy of this Complaint

b.  The Defendant be required to file a written answer as called for by the Texas Rules of Civil Procedure;

c.  The Plaintiff be awarded a judgment for actual damages against the Defendant in the amount that the evidence would how and a jury will determine; and

d.  Any and all other legal and/or equitable relief the evidence would show and a jury will allow.

Respectfully submitted,

By: ___/s/ David Graham_____
David C. Graham
Attorney for Plaintiff
TBN: 24045193
dcgrahamlawfirm@gmail.com
P. O. Box 1626
Magnolia, AR 71754
(870) 234-9100

By: ___/s/ Eric Marks_____
Eric Marks
Attorney for Plaintiff
TBN: 24094816
eric@arklaw.com
P.O. Box 947
Arkadelphia, AR 71923
(903) 826-5523